# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# JASPER DIVISION

| | |
|---|---|
| JOEL TODD TUCKER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 6:19-cv-01634-CLM-SGC |
| ) | |
| JAMES ANTHONY TUCKER, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

The magistrate judge entered a report on January 7, 2021, recommending this action be dismissed without prejudice for lack of subject-matter jurisdiction and/or pursuant to 28 U.S.C. § 1915A(b)(1) for failing to state a claim upon which relief can be granted. Doc. 4.

### A. Tucker's Objections

Plaintiff Tucker then filed a hand-written document in which he states he is "appeal[ing]" the magistrate judge's report (doc. 5), which the court construes as Tucker's objection to the report and recommendation.

First, Tucker argues:

> The Court of Fayette County blatantly ignored my typed will contests that were sent to them by certified mail. This is an action that violated my 5th and 14th amendment rights. The 5th by depriving me of my property without due process of law, "IRA." The 14th by not treating me equally because if any member of Fayette County Law enforcement or Judicial System were to have their siblings coerce their father into

> signing over his life saving while blind and on narcotic meds[, t]here would be inquiries, investigations and retribution by court of law but me being a lowly inmate have been deprived of these rights and treated unequally.

*Id.* at 1.  Second, Tucker states that while he had counsel at the probate hearing, later on the day of the hearing, his counsel notified him "Fayette County is the most corrupt county in Alabama" and he was resigning from the case.  *Id.* at 1-2.  Third, Tucker asserts that because he has filed suit against Fayette County in the past, "they've used this to be vindictive towards me further depriving me of my 5th and 14th amendment rights."  *Id.* at 2.  Fourth, Tucker states the court requires him to "provide documentation that the IRA was over $75,000" but that he cannot do so because he has been "deprived of these documents."  *Id*.  Tucker further states his father told him on the phone before his death "there was around one quarter of a million dollars." *Id.*[1]

None of these objections directly address the findings of the magistrate judge in the report and recommendation, nor do any of them have merit.  The objections simply repeat many of the arguments Tucker made in his complaint.  *See* Doc. 1.

---

[1] The magistrate judge stated that "[a] complaint based on diversity jurisdiction must affirmatively state the amount in controversy, exclusive of interest and costs, exceeds the $75,000 jurisdictional threshold." Doc. 4 at 7.  The magistrate judge went on to say that even if she were to conclude the plaintiff had brought suit for damages exceeding $75,000, the plaintiff had failed to establish diversity. *Id*.  The plaintiff has not addressed the diversity issue in his objections.

B. **Adoption of Report**

The court has reviewed and considered *de novo* all the materials in the case file, including the report and recommendation and Tucker's objections, and the court **ACCEPTS** the magistrate judge's report and **ADOPTS** the recommendation. So, this case is due to be dismissed under 28 U.S.C. § 1915A(b) for lack of subject-matter jurisdiction and/or for failing to state a claim upon which relief can be granted.

A Final Judgment will be entered.

**DONE** on February 08, 2021.

_____
**COREY L. MAZE**
UNITED STATES DISTRICT JUDGE